**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN MWANGI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1208-CR-647 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
The Honorable Viola Taliaferro, Senior Judge
Cause No. 49F18-1009-FD-70117

**March 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

John Mwangi appeals his convictions for Class D felony intimidation and Class D felony theft. We affirm.

**Issues**

Mwangi raises three issues, which we consolidate and restate as:

    I.    whether the trial court abused its discretion by excluding evidence of a witness's alleged bias; and

    II.    whether the evidence is sufficient to sustain his convictions for intimidation and theft.

**Facts**

Kathy Phillips worked for Mwangi as the Director of Nursing for his company. At one point, Phillips and Mwangi lived together. In January 2010, Phillips had a conversation with Mwangi about his failure to pay her wages. They got into an argument and Phillips threatened to quit. Mwangi locked the front door and threatened to kill Phillips if she left. Mwangi eventually convinced Phillips not to quit her job.

In April 2010, Phillips still was not being paid her wages, and she decided again to quit her job with Mwangi. Phillips called the police and went to the office to collect her belongings. Mwangi called her into his office and locked the door. When she told him that she had already called the police, Mwangi said that he could kill her, hide her body, and be back on a plane to Kenya before she was found. The police then arrived and knocked on the door.

Phillips stayed employed by Mwangi, but in July 2010, her personal cell phone disappeared from her office. Mwangi's girlfriend, Salome Ayoti, saw Mwangi with a

phone. He told her that it belonged to "Kathy," one of his staff members, that he took it from her handbag, and that it contained some "very personal information that he was trying to retrieve." Tr. p. 43. A few weeks later, when Ayoti ended her relationship with Mwangi, she took the phone with her. Ayoti gave the phone to Blanche Hood, who returned the phone to Phillips. Phillips stopped working for Mwangi in July 2010.

In August 2010, Phillips's attorney contacted Mwangi regarding $17,000 in unpaid wages. Mwangi was informed that Phillips was "willing to forego legal action and/or reporting this matter to law enforcement agencies if she [was] immediately paid in full for the wages owed to her." Defendant's Ex. A. Mwangi did not pay Phillips, and she contacted the police in September 2010.

The State charged Mwangi with Class D felony criminal confinement for the January 2010 incident, Class D felony intimidation for the April 2010 incident, and Class D felony theft for the cell phone incident. At the bench trial, Mwangi claimed that Phillips gave him the cell phone because it was a business phone that was purchased by his company. Mwangi admitted that he was not paying Phillips for her work. During cross-examination of Phillips, Mwangi attempted to question her regarding money that her son had invested in Mwangi's company. The State objected to the question's relevance, and Mwangi claimed that the information went to Phillips's bias and motive. Mwangi claimed that Phillips's son invested money and that he did not get repaid. The trial court sustained the objection because "[t]he son [was] not here" and because the evidence did not demonstrate "bias in and of itself." Tr. pp. 32, 39. The trial court found

3

Mwangi guilty of intimidation and theft but not guilty of criminal confinement. The trial court then sentenced him to 250 days in jail. Mwangi now appeals.

## Analysis

### I. Admission of Evidence

Mwangi argues that the trial court abused its discretion by excluding evidence that Phillips's son had invested money with Mwangi and that her son was not repaid. The admission or exclusion of evidence rests within the sound discretion of the trial court, and we review for an abuse of discretion. Conley v. State, 972 N.E.2d 864, 871 (Ind. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id. We will not disturb the trial court's decision without a requisite showing of abuse. Id.

Mwangi argues that the excluded evidence went to Phillips's credibility and bias. In general, Indiana Evidence Rule 616 provides that, "[f]or the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible." However, the erroneous exclusion of evidence does not require a reversal if its probable impact on the factfinder, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights. Vasquez v. State, 868 N.E.2d 473, 477 (Ind. 2007); see Ind. Trial Rule 61.

We need not resolve whether the trial court erroneously excluded this evidence because Mwangi makes no argument that his substantial rights were affected by the exclusion of the evidence. We note that there was significant evidence presented

4

regarding Phillips's bias and credibility. Mwangi presented evidence that, despite the alleged criminal confinement, intimidation, and theft, Phillips continued working for Mwangi. Although Phillips had the opportunity to inform the police of the intimidation immediately after it happened, she did not do so. Further, the trial court was aware that Phillips and Mwangi had previously been in a relationship and that Phillips did not pursue charges against Mwangi until he failed to pay the wages that he allegedly owed her. Despite all of this evidence, the trial court found Phillips credible. Under these circumstances, we conclude that the probable impact of excluding evidence regarding Phillips's son's failed investment in Mwangi's company, even if erroneous, is sufficiently minor so as not to affect Mwangi's substantial rights. See, e.g., Munn v. State, 505 N.E.2d 782, 786 (Ind. 1987) ("Recognizing that the defendant was given wide latitude to present evidence and cross-examine the victim regarding the nature and duration of their alleged relationship before the rape, excluding only evidence about prior sexual intercourse, . . . the exclusion of evidence regarding the prior sexual intercourse, standing alone, would have been harmless beyond a reasonable doubt.").

## II. Sufficiency of the Evidence

Mwangi argues that the evidence is insufficient to sustain his convictions for intimidation and theft. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable

5

trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Mwangi first argues that the evidence was insufficient to sustain his conviction for intimidation. The offense of intimidation is governed by Indiana Code Section 35-45-2-1, which provides: "A person who communicates a threat to another person, with the intent . . . that the other person engage in conduct against the other person's will . . . commits intimidation." The offense is a Class D felony if the "threat is to commit a forcible felony." Ind. Code § 35-45-2-1(b).

Mwangi argues that the evidence is insufficient because Phillips did not tell the officers about the alleged threat, Phillips continued working for him, and Phillips did not report the threat until Mwangi failed to respond to her attorney's demands for payment. The State presented evidence that, when Phillips decided to quit her employment with Mwangi, he called her into his office, locked the door, and told her that he could kill her, hide her body, and be back on a plane to Kenya before she was found. The trial court was made aware that Phillips did not immediately tell the officers about the threat, that she continued working for Mwangi for months, and that she only notified authorities of the threat when Mwangi failed to pay her wages that were owed. Despite this evidence, the trial court found Phillips credible and found Mwangi guilty of intimidation. Mwangi's argument is a request that we reweigh the evidence and judge Phillips's credibility, which we cannot do. The evidence is sufficient to sustain Mwangi's conviction for intimidation.

6

Mwangi also argues that the evidence is insufficient to sustain his conviction for theft of Phillips's phone. The offense of theft is governed by Indiana Code Section 35-43-4-2, which provides: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

Mwangi argues that the evidence is insufficient because his company purchased the phone and because Phillips did not report the theft until Mwangi failed to respond to her attorney's demands for payment. The State presented evidence that Phillips's phone went missing from her office. Mwangi's girlfriend, Ayoti, saw Mwangi with a phone. He told her that it belonged to "Kathy," one of his staff members, that he took it from her handbag, and that it contained some "very personal information that he was trying to retrieve." Tr. p. 43. A few weeks later, Ayoti took the phone and arranged for it to be returned to Phillips.

Although Mwangi testified that his company owned the phone, Phillips testified that she owned the phone and that, when Mwangi failed to pay her wages, he issued her a check so that she could pay her cell phone bill. Further, the trial court was aware that Phillips only notified authorities of the theft when Mwangi failed to pay her wages that were owed. Despite this evidence, the trial court found Phillips credible and found Mwangi guilty of theft. Mwangi's argument is a request that we reweigh the evidence and judge Phillips's credibility, which we decline to do. The evidence is sufficient to sustain Mwangi's conviction for theft.

7

## Conclusion

Any error in the exclusion of the evidence regarding the investment was harmless, and the evidence is sufficient to sustain Mwangi's convictions for intimidation and theft. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.